BEFORE THE THIRD DIVISION, JANUARY 19, 1961

No. 65056.—W. Keith Woodmansee *v.* United States, protest 59/29718 (Honolulu).

JOHNSON, Judge: The merchandise involved in this case consists of a bicycle assessed with duty by the collector at 22½ per centum ad valorem under paragraph 371 of the Tariff Act of 1930, as modified, and other articles assessed with duty under other paragraphs of the tariff act. It is claimed that the bicycle is entitled to free entry as the personal effects of a returning resident and that the balance of the merchandise amounted to less than $10 in value and is, therefore, free of duty under section 321 of the said tariff act, as amended.

This case has been submitted upon a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the plaintiff herein, an individual, and the attorney for the defendant:

1. That the plaintiff herein is a flight engineer for Pan American Airways and at all times hereinafter mentioned was regularly assigned to flying to the Orient via Honolulu and Wake Island.

2. That on December 19, 1958, plaintiff purchased in California, U.S.A. a second-hand bicycle which had been produced in Japan.

3. That on December 22, 1958 plaintiff left San Francisco on a regular Tokyo flight, stopping first at Honolulu, Hawaii, and then at Wake Island, and took with him said bicycle.

4. That plaintiff used said bicycle in Honolulu and Wake Island and left it at Wake Island when he went to Tokyo.

5. That upon his return from Tokyo to Wake Island plaintiff again took possession of said bicycle and brought it with him to Honolulu, Hawaii.

6. That upon his arrival at Honolulu plaintiff was charged for duty on the value of the bicycle, bringing the value of his baggage above the allowance for crew members.

7. That plaintiff was charged duty in the sum of $5.22 and that if the value of the bicycle was not included in the total value of his baggage, he would not have had to pay any duty.

8. That the bicycle herein having been purchased in the United States and taken abroad and returned by a resident of the United States is claimed to be free of duty.

9. That the above numbered protest is hereby submitted for decision upon this statement of facts.

The pertinent provisions of the tariff act, as amended by the Customs Simplification Act of 1953, are as follows:

PAR. 1798. * * *

(c) In the case of any person arriving in the United States who is a returning resident thereof—

(1) all personal and household effects taken abroad by him or for his account and brought back by him or for his account; * * *. [Free.]

SEC. 321. ADMINISTRATIVE EXEMPTIONS.

(a) The Secretary of the Treasury, in order to avoid expense and inconvenience to the Government disproportionate to the amount of revenue that would otherwise be collected, is hereby authorized, under such regulations as he shall prescribe, to—

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(2) admit articles free of duty and of any tax imposed on or by reason of importation, but the aggregate value of articles imported by one person on one day and exempted from the payment of duty shall not exceed—

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(B) $10 in the case of articles accompanying, and for the personal or household use of, persons arriving in the United States who are not entitled to any exemption from duty or tax under paragraph 1798(c)(2) of this Act, * * *.

The pertinent Customs Regulations provide:

8.2 Reimportation; liability for duties on.—Dutiable merchandise imported and afterwards exported, although duty thereon may have been paid on the first importation, is liable to duty on every subsequent importation into the United States; but this does not apply to—

(1) Personal and household effects taken abroad by a resident of the United States and brought back on his return to this country * * *.

*          *          *          *          *          *          *

10.21 * * *

*          *          *          *          *          *          *

(i) The exemption from duty and internal-revenue tax contemplated by section 321(a)(2)(B), Tariff Act of 1930, as amended, may be applied to any articles accompanying, and for the personal or household use (not including any business or commercial use of any kind) of, any person arriving in the United States who is not entitled to any exemption under paragraph 1798(c)(2), Tariff Act of 1930, as amended [with exceptions not here pertinent]. * * * If any article accompanying a person is subject to duty or tax by reason of these limitations, no articles accompanying such person shall be exempted from duty or tax under this paragraph.

*          *          *          *          *          *          *

10.28 Registration of valuable effects.—(a) Any person who intends to take valuable effects of foreign origin or plumage abroad may make an application, before his departure from the United States, to a collector of customs or appraiser of merchandise on customs Form 4455 in duplicate for the registration of such articles to facilitate their identification on return. * * *

In view of the stipulation, which is accepted as an agreed statement of facts, and on the authority of the provisions of the statute and the regulations quoted, we hold that the bicycle involved herein is entitled to free entry under paragraph 1798(c)(1) of the Tariff Act of 1930, as amended, as the personal effects of a returning resident, and that, since the value of the balance of the imported articles amounts to less than $10, such articles are entitled to free entry under section 321(a)(2)(B) of the said tariff act, as amended, and the regulations issued thereunder. Section 10.28 of the Customs Regulations, cited by the collector, is permissive rather than mandatory. Cf. section 10.8, which is mandatory. H. F. Keeler v. United States, 45 C.C.P.A. (Customs) 67, C.A.D. 675.

The protest is sustained and judgment will be rendered for the plaintiff.